# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.D. and T.S.**

**No. 13-0236** (Mingo County 12-JA-63 and 12-JA-64)

## MEMORANDUM DECISION

Petitioner Adoptive Mother filed this appeal, by counsel Ashley Cochran, from the Circuit Court of Mingo County, which terminated her parental and custodial rights by order entered on February 12, 2013. The guardian ad litem for the children, Diana Carter Wiedel, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Charlene Vaughn, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, petitioner was the adoptive mother of A.D. and had legal custody of T.S. The DHHR filed the abuse and neglect petition in the instant case after it was reported to 911 that petitioner had been highly intoxicated while driving with A.D. in the front passenger seat. Petitioner failed all three sobriety tests given to her and was arrested for driving under the influence. A.D., who was nearly two years old at the time, was visibly upset, agitated, and improperly restrained in her seat. Later that evening, petitioner tested positive for opiates and barbiturates. During the course of the abuse and neglect proceedings, the circuit court ordered petitioner to participate in inpatient substance abuse treatment and other necessary services. Petitioner was granted a ninety-day improvement period. At disposition, however, the circuit court found that petitioner failed to cooperate with the family case plan and failed to comply with all rehabilitative efforts. The circuit court's final order terminated petitioner's parental rights to A.D. The circuit court's final order also terminated petitioner's custodial rights to T.S. Petitioner appeals this final order.

Petitioner Mother argues that the circuit court erred in denying her an extension of her post-adjudicatory improvement period and in terminating her parental and custodial rights when she demonstrated that she had substantially complied with the terms of her improvement period, that continuation of the improvement period would not have substantially impaired the ability of the DHHR to permanently place the children, and that the extension would have been consistent with the children's best interests. For instance, she asserts that, because the children are in a relative placement, even if she is unsuccessful with an extension to her improvement period, the

1

children could still remain in that same relative placement. In contrast, the children's guardian ad litem and the DHHR support the circuit court's termination.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's decision to decline extending petitioner's improvement period, nor do we find error in the circuit court's termination of petitioner's parental and custodial rights. Pursuant to West Virginia Code § 49-6-12(g), a circuit court is not obligated to grant an extension to an improvement period but, rather, may grant such an extension if it finds that the parent moving for an extension has "substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child." *Id.* Our review of the record indicates that the circuit court found that petitioner failed to participate in inpatient substance abuse treatment or follow through with any rehabilitative efforts. Petitioner has not provided any evidence that indicates that she substantially complied with her improvement period. We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental and custodial rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

2

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II